AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ D



CLERK'S OFFICE
A TRUE COPY
Dec 05, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of:<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information about the location of the cellular<br>telephone assigned cell number (920)<br>545-9308 ("Target Cell Phone")8 | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 23-M-493 (SCD)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before     12-19-23     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Hon. Stephen C. Dries     .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☑ until, the facts justifying, the later specific date of     06/02/2024     .

Date and time issued:     12-5-23. 10:25 am          *Stephen C. Dries*
                                                                 *Judge's signature*

City and state:   Milwaukee, WI          Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                 *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned cell number **(920) 545-9308 (Target Cell Phone)** whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas.

2. Information about the location of the **(920) 545-9308 (Target Cell Phone)** that is within the possession, custody, or control of AT&T.

1

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the **(920) 545-9308 (Target Cell Phone)** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **(920) 545-9308 (Target Cell Phone)** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T services, including by initiating a signal to determine the location of **(920) 545-9308 (Target Cell Phone)** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

2



CLERK'S OFFICE
A TRUE COPY
Dec 05, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information about the location of the cellular telephone<br>assigned cell number (920) 545-9308<br>("Target Cell Phone") | )<br>)<br>)<br>)<br>)<br>)    Case No.    23-M-493 (SCD)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & 846 | Possession with the intent to distribute, and conspiracy to possess with the intent |
| 18 U.S.C. § 1956 & 1957 | to distribute controlled substances. Money laundering. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __180__ days *(give exact ending date if more than 30 days:* __06/02/2024__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

KELLEN WILLIAMS    Digitally signed by KELLEN WILLIAMS<br>Date: 2023.12.04 12:53:56 -06'00'

*Applicant's signature*

Kellen Williams, DEA SA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: __12-5-23__

*Judge's signature*

City and state: __Milwaukee, WI__    Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF**</u>
<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

I, Kellen J. Williams, being first duly sworn, hereby depose and state as follows:

## I.    INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c) (1) (A) for information about the location of the cellular telephone assigned cell number **(920) 545-9308** (**"Target Cell Phone"**), whose cell phone provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas.  The **Target Cell Phone** is described herein, and in Attachment A, and the location information to be seized is described herein, and in Attachment B.

2.    I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA") since September 2012.  I am currently assigned to the DEA Milwaukee District Office, Enforcement Group.  As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3.    I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps.  More specifically, my training and experience includes the following:

a.    I have utilized informants to investigate drug trafficking.  Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I

1

have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

b.   I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

c.   I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d.   I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e.   I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f.   I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g.   I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h.   I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i.   I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j.   I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

4. I am currently participating in an investigation of a money laundering organization (MLO) operating in Wisconsin. According to confidential source information, this MLO collects drug proceeds from a drug trafficking organization(s) (DTO) operating in Wisconsin. Money

2

brokers operating in Mexico arrange for couriers operating throughout the United States to pick up drug proceeds from multiple drug trafficking organizations. The drug proceeds are then transferred to other money couriers or deposited into bank accounts utilized by Mexican drug cartels to launder proceeds of drug sales.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 1956 and 1957, have been committed, are being committed, and will be committed by the unidentified user of **(920) 545-9308** ("**Target Cell Phone**") and others not yet identified. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

## **PROBABLE CAUSE**

6. On or about December 1, 2023, a DEA Kentucky based undercover agent ("UC-1") contacted case agents and stated s/he was in contact with an unidentified Mexico-based money broker who told him/her that unknown subjects in Wisconsin were in possession of an undetermined amount of money that needed to be laundered in the United States and returned to Mexico. The unidentified subjects in Wisconsin needed the drug proceeds to be picked up for laundering.

7. UC-1, who in the past has posed as a money broker, agreed to accept the contract with the unidentified Mexico-based money broker. Working with the Milwaukee based case agents, UC-1 provided the unidentified Mexico-based money broker with a phone number belonging to an undercover officer ("UC-2"), a $1.00 bill serial number, and an undercover name, "Julio", for UC-2, who would pick up the money. UC-1 and the money broker agreed that

3

they would use UC-2 to pick up the money in the Milwaukee, Wisconsin, area. UC-2 would then provide the money to UC-1, who would complete the laundering.

8. On December 2, 2023, at 2:57 p.m., the undercover phone number received an incoming phone call from **(920) 545-9308 (Target Cell Phone)**. UC-2 answered the phone and an unknown male (UM) asked for "Julio" and told UC-2 he was ready to give UC-2 some "calves." UC-2 told the UM s/he was with family and would contact him Monday morning to make arrangements. UC-2 told him that s/he would call him back at this number **((920) 545-9308 (Target Cell Phone))**. Case agents believed the UM was prepared to meet with the UC to deliver an undetermined amount of US currency ("calves") that day.

9. On December 2, 2023, case agents sent an administrative subpoena to AT&T, requesting subscriber information as well as phone records for **(920) 545-9308 (Target Cell Phone)**. On this same date, AT&T responded that the phone is a prepaid phone with no subscriber information provided. The phone was activated on June 5, 2023. Analysis of the provided phone records revealed several contacts in common with known drug traffickers in other DEA investigation, including an active investigation in the Milwaukee area.

10. Based upon my training, experience, and familiarity with the investigation, I believe that the user of **(920) 545-9308 (Target Cell Phone)** is using **(920) 545-9308 (Target Cell Phone)** to communicate with others to further his drug trafficking and money laundering activities. Case agents believe the location information requested will assist in identifying the user of the **(920) 545-9308 (Target Cell Phone)** and identifying his source(s) of supply, stash locations used by the user of the phone, and other co-conspirators involved in his drug trafficking and/or money laundering organization.

4

11. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of **(920) 545-9308 (Target Cell Phone)**, including by initiating a signal to determine the location of **(920) 545-9308 (Target Cell Phone)** on AT&T's network or with such other reference points as may be reasonably available.

13. Based on my training and experience, I know that AT&T can collect cell-site data about the **(920) 545-9308 (Target Cell Phone)**.

5

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

15. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days after the collection authorized by the warrants has been completed. There is reasonable cause to believe that providing immediate notification of the warrants may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **(920) 545-9308 (Target Cell Phone)** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of **(920) 545-9308 (Target**

6

**Cell Phone)** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

17. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate **(920) 545-9308 (Target Cell Phone)** outside of daytime hours.

Case 2:23-mj-00493-SCD    Filed 12/05/23    Page 12 of 14    Document 1

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned cell number **(920) 545-9308 (Target Cell Phone)** whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas.

2. Information about the location of the **(920) 545-9308 (Target Cell Phone)** that is within the possession, custody, or control of AT&T.

1

ATTACHMENT B

Particular Things to be Seized

All information about the location of the **(920) 545-9308 (Target Cell Phone)** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **(920) 545-9308 (Target Cell Phone)** includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T services, including by initiating a signal to determine the location of **(920) 545-9308 (Target Cell Phone)** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

2